## McCLAIN v. WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 8, September Term, 1959 (Adv.).]

*Decided July 6, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PER CURIAM.

The applicant, James McClain, *alias* George McCargo, who was convicted in the Criminal Court of Baltimore, on July 30, 1957, under five separate indictments, of assault, possession of a deadly weapon, unauthorized use of an automobile and

two burglaries, and was sentenced to a total of ten years, the sentences to run consecutively, applied to the trial court for relief under the Post Conviction Procedure Act. When his petition was denied, he applied to this Court for leave to appeal.

Below, the applicant claimed that his constitutional rights had been violated and assigned three reasons why he was entitled to set aside the several sentences: (i) deprivation of his right to call witnesses; (ii) misconduct of his trial counsel; and (iii) insufficiency of the evidence. In his application for leave to appeal, he abandoned the second ground but raised another—refusal of the trial court to postpone his case on request. Of course, since the last mentioned question was not raised below, it cannot be considered here. The first question was previously litigated in *McClain v. Warden,* 215 Md. 648, 137 A. 2d 711 (1958), a *habeas corpus* proceeding, and cannot be raised again in a post conviction proceeding. See Code (1958 Supp.), Art. 27, § 645A (a). The third question—the insufficiency of the evidence—was reviewable only on appeal from the original convictions. Moreover, the remedy afforded by the post conviction procedure is not a substitute for a direct review. Art. 27, § 645A (b).

*Application denied.*